UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | } | |
| | } | |
| QUALITY PROPERTIES, LLC, | } | Case No. 10-42783-JJR-11 |
| | } | |
| Debtor. | } | |

| | | |
|---|---|---|
| SHELBY CONCRETE COMPANY, INC., | } | |
| | } | |
| Plaintiff, | } | |
| v. | } | AP No. 10-40121-JJR |
| | } | |
| PINE APPLE CONVEYOR SERVICE, INC.; | } | |
| TED L. MONK; AVA B. MONK; QUALITY | } | |
| PROPERTIES, LLC; and FIRST NATIONAL | } | |
| BANK OF TALLADEGA, | } | |
| | } | |
| Defendants. | } | |

## OPINION AND ORDER ON SHELBY CONCRETE'S
## AMENDED MOTION FOR SUMMARY JUDGMENT

The claims made in this adversary proceeding (the "AP") were originally asserted against the debtor, Quality Properties, LLC (the "Debtor"), and the other defendants by the plaintiff, Shelby Concrete Company, Inc. ("Shelby") in a civil action (the "State Action") filed in the Circuit Court of Shelby County, Alabama (the "State Court"). After the Debtor filed for relief under the Bankruptcy Code[1] the State Action was removed by the Debtor to this Court and thereafter became the above-styled adversary proceeding ("AP") in the Debtor's chapter 11 case (the "Chapter 11 Case").

---

[1]Unless otherwise indicated, references to the "Bankruptcy Code" or "Code" are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq*. "Bankr. Rule" is a reference to one of the rules of the Federal Rules of Bankruptcy Procedure.

1

## Jurisdiction

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K) (allowance or disallowance of claims, and determination of the validity, extent, or priority of liens); therefore, the Court has authority to enter a final order.[2] The following shall constitute the Court's findings of fact and conclusions of law.

## Standard For Summary Judgment

A motion for summary judgment is controlled by Bankr. Rule 7056, which directs that Rule 56 of the Federal Rules of Civil Procedure is applicable to bankruptcy adversary proceedings. A court may grant summary judgment to a moving party when that party demonstrates "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Bankr. Rule 7056(a). In considering the merits of a motion for summary judgment, the judge's function is not to determine the truth of the matter asserted or the weight of the evidence, but to determine whether the factual disputes raise genuine issues for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In making this determination, the facts are to be considered in a light most favorable to the non-moving party. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Allen v. Board of Public Educ. for Bibb Co.*, 495 F.3d 1306 (11th Cir. 2007).

---

[2] The Court's jurisdiction to hear this AP and other similar adversary proceedings in the Chapter 11 Case was considered in an Opinion and Order entered on November 29, 2011 in the chapter 11 case as Bk Doc. 328.

2

Background, Findings and Conclusions

The material facts controlling the outcome of this AP, to the extent ruled upon herein, are not in dispute and are supported by the parties' submissions, including affidavits and exhibits thereto, pleadings filed in the State Action, and orders entered by the State Court.[3] The Court has also considered the parties' arguments and legal authorities submitted in writing and made orally during hearings.

Pursuant to a construction contract dated May 7, 2008 (the "General Contract", AP Doc. 10, Ex. 41), Pine Apple Conveyor Service, Inc. ("Pine Apple"), as general contractor, agreed to construct a Marvin's Building Materials & Home Center Store (the "Project") for the Debtor on property owned by the Debtor and described as follows (the "Subject Property"):

> Lot 1, according to the Survey of 31 Plaza, a Commercial Subdivision located in the City of Calera, Alabama, as recorded in Map Book 39, page 150, in the Probate Office of Shelby County, Alabama.[4]

At Pine Apple's request, Shelby, as a subcontractor-supplier, delivered materials to the Subject Property that were used in the construction of the Project. These deliveries were made from July 9, 2008 to November 20, 2008. (AP Doc. 30, Reker Aff.) Although there were numerous deliveries, and each was made pursuant to a separate purchase order, they were all part of "one scheme of improvement" occurring within a short period of time, and in the context of a materialman's lien, should be considered a single contract. *Wofford Bond & Mortg. Co. v. Adams*, 133 So. 254, 255 (Ala. 1931); *C.A. Dunham Co. v. Sheffield Realty Co.,* 88 So. 562, 563 (Ala. 1921).

---

[3] A pleading or other document filed in this AP is indentified as "AP Doc. ___" and a pleading or other document filed in the Debtor's chapter 11 case is identified as "Bk Doc. ___."

[4] At least one of the defendants, First National Bank of Talladega, contends that Pine Apple was actually a subcontractor and the contract was not a general or original contract, but rather was a subcontract. That issue is not being decided, and the Court's opinion and order herein would not be different regardless of how the contract is ultimately classified.

3

On August 11, 2008, the First National Bank of Talladega (the "Bank") recorded a mortgage against the Subject Property; the mortgage that was made by the Debtor to secure a loan used to finance, at least in part, construction of the Project. (AP Doc. 72, tab B.)

Pine Apple failed to pay for the materials supplied by Shelby, leaving unpaid the principal sum of $221,382.04. On December 16, 2008, pursuant to Ala. Code § 35-11-218 (1975), Shelby gave timely and sufficient written notice to the Debtor and the Bank that it claimed a materialman's lien on the Subject Property. Thereafter, on December 19, 2008, Shelby filed in the Probate Office of Shelby County a verified statement of its lien. (AP Doc. 30, Reker Aff.) The content, timeliness, and recordation of the verified statement complied with Ala. Code 1975 §§ 35-11-213 and -215 (1975). Finally, pursuant to Ala. Code § 35-11-221 (1975), on January 8, 2009, Shelby timely filed the State Action against the Debtor, the Bank, and other defendants, to enforce its lien (and sought other relief and remedies not relevant to the Debtor and its estate). (AP Doc. 31, Ex. A.) The State Action complied with Ala. Code §§ 35-11-222 and -223 (1975).

Before delivering its materials, Shelby did not give prior notice thereof to the Debtor as allowed by Ala. Code § 35-11-210 (1975). Thus, Shelby's lien was limited to the balance due to Pine Apple (general contractor) by the Debtor (owner) under the General Contract. *Id.*; *Davis v. Gobble-Fite Lumber Co.,* 592 So. 2d 202 (Ala. 1991). Significantly, before the Debtor commenced the Chapter 11 Case, Pine Apple filed suit against the Debtor in the State Court to collect the amounts due on the General Contract. The State Court entered a judgment (pursuant to an arbitration award) in the amount of $1,269,000 in favor of Pine Apple and against the Debtor. (AP Doc. 72, tabs C, D.) An appeal was taken from the judgment to the Alabama

4

Supreme Court,[5] and on March 9, 2012, the supreme court affirmed the judgment. (AP Doc. 75.) Thus, a final State Court judgment, affirmed by the Alabama Supreme Court, has established the unpaid balance owing on the General Contract at $1,269,000. The parties are precluded from challenging that judgment in the Chapter 11 Case and this AP, and this Court must recognize the judgment as conclusively establishing the amount owing under the General Contract by the Debtor to Pine Apple. *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672, 675-76 (11th Cir. 1993) (collateral estoppel bars bankruptcy court from "relitigating factual issues previously decided in state court," applying collateral estoppel rules of that state to determine preclusive effect); *see also Lott v. Toomey*, 477 So. 2d 316, 319 (Ala. 1985) (setting out four elements of collateral estoppel under Alabama law).

On July 19, 2007, before Shelby commenced delivering materials to the Project, Pine Apple executed a Credit Application (the "Application") wherein Pine Apple agreed any amounts not paid within 30 days of their due dates would accrue interest at 1½% per month (18% per annum), and Pine Apple agreed to pay Shelby's expenses incurred in collecting past-due sums, including reasonable attorney fees. (AP Doc. 29, Bailey Aff.) Shelby seeks to have interest and attorney fees included in the amount secured by its lien.

While the Court concludes that Shelby holds a perfected materialman's lien against the Subject Property,[6] there are bankruptcy-specific factors that may limit the amount of Shelby's claim – its allowed secured claim in the Chapter 11 Case – whether principal, interest, or expenses. Shelby's materialman's lien is a "claim" under Code § 101(5)(A) because it constitutes a "right to payment;" however, the Debtor is not contractually obliged to pay the debt

---

[5] The automatic stay was lifted to allow the appeal to proceed. (Bk Doc. 279.)
[6] Ala. Code § 35-11-210 (1975) provides that the "materialm[a]n shall also have a lien on the unpaid balance" owing by the owner (the Debtor) to the general contractor (Pine Apple).

5

owing by Pine Apple to Shelby. Shelby's claim in the Debtor's chapter 11 case is limited to specific property of the bankruptcy estate, i.e., the Subject Property. *See Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) (finding that the definition of "claim" includes an enforceable obligation against the property of the debtor, even when the debtor is not liable *in personam*). Thus, because there was no privity of contract between Shelby and the Debtor, Shelby's right to payment in the Chapter 11 Case – its claim – is not necessarily the amount owing to Shelby by Pine Apple; rather Shelby's claim in the Chapter 11 Case may be allowed only to the extent it is determined to be a secured claim. *See* Code § 506(a). The claim is limited by the value of the estate's property encumbered by Shelby's lien, and perhaps other factors, including the extent and priorities of other encumbrances against the Subject Property.[7]

In summary, when the Debtor commenced this chapter 11 case, Shelby had already complied with Alabama statutes to perfect a materialman's lien against the Subject Property. Ala. Code §§ 35-11-210 (1975) *et seq.*; *see also Hutto Const., Inc. v. Buffalo Holdings, LLC,* 488 F. Supp. 2d 1180, 1185 (M.D. Ala. 2007); *Ex parte Lawson*, 6 So. 3d 7, 11 (Ala. 2008) (timely filing statement of lien and suit perfects materialman's lien). And because Shelby commenced its delivery of materials to the Subject Property before the Bank recorded its mortgage, Shelby's lien is entitled to priority over the mortgage. Ala. Code § 35-11-211 (1975); *Lawson, supra* at 11.

---

[7] As a general rule, interest and expenses, accrued or incurred post petition, are not an allowed component of a creditor's claim. Code § 502(b)(2). However, post-petition interest and expenses may be added to an otherwise allowed secured claim to the extent the value of the security exceeds the amount of the claim. Code § 506(b). In this Chapter 11 Case and AP, there has been no determination of the value of the Subject Property. Moreover, there are other mechanic's and materialmen's liens claimed against the Subject Property and, if allowed, such liens, including Shelby's lien, will stand on equal footing and be entitled to a pro rata distribution of the proceeds from any disposition of the Subject Property. Ala Code § 35-11-228 (1975). And to further complicate any division among lien claimants, some may be subordinate to, while others (e.g., Shelby's lien) may enjoy priority over the Bank's mortgage. The Court will also need to determine the reasonableness of Shelby's attorney fees.

Thus, in the context of the Chapter 11 Case, Shelby is entitled to an allowed claim, secured by a materialman's lien against the Subject Property, and that claim is superior to any secured claim to which the Bank might be entitled. However, Shelby's claim is exclusively a secured claim; it cannot be bifurcated – secured and unsecured – and be allowed beyond the secured portion thereof. The Court reserves ruling on the exact amount of the claim, including whether it includes attorney fees and interest as provided under the Application – a contract to which the Debtor was not a party.[8] A final resolution is contingent on the value of the Subject Property, the allowed amount of other secured claims (i.e., other mechanic's and materialman's liens) and their priorities vis-a-vis the Bank's mortgage. It is conceivable that Shelby's secured claim might be allowed for its full principal amount, plus pre- and post-petition interest and attorney fees; however, if the value of the Subject Property proves to be deficient, Shelby's claim may be allowed for some lesser sum and diluted by proration among other *pari passu* liens.

Order

In accordance with the foregoing, it is hereby ORDERED that:

ONE: To the extent provided in paragraphs TWO and THREE below, Shelby's amended motion for summary judgment (AP Doc. 33) is GRANTED IN PART.

TWO: Shelby holds a perfected and enforceable materialman's lien against the Subject Property, and is entitled to an allowed secured claim in the Debtor's Chapter 11 Case; provided, however, the extent of the lien and claim is subject to a later determination of, *inter alia*, the

---

[8] Shelby filed a supplemental submission in the formerly-consolidated AP 10-40132 (Doc. 131) in which it argues that the Alabama "Prompt Pay Act" provides the statutory basis for attorney fees against the owner of the Project. Ala. Code § 8-29-6 (1975) (the "Act"). The plain meaning of the Act does not support Shelby's argument. The Act awards attorney fees "against the party contractually obligated for the payment of the amount claimed . . . ." In this AP, the Debtor is not contractually obligated to Shelby.

value of the Subject Property, the allowance of other secured claims and their status vis-à-vis the Bank's mortgage, and Shelby's entitlement to attorney fees and contract interest.

THREE: Shelby's materialman's lien and secured claim are entitled to priority over the Bank's mortgage and secured claim.

FOUR: In addition to those matters specified in the proviso in paragraph TWO above, all other relief sought in Shelby's amended motion (AP Doc. 33), and not specifically ruled upon in this Order is reserved for later determination and ruling by the Court.

So Done and Ordered: May 14, 2012

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge